# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

RUSSELL SMITH #219-814          :

    Plaintiff                :

v                               :       Civil Action No. PJM-11-2125

DEPARTMENT OF PUBLIC SAFETY, et al., :

    Defendants               :

. . . . . . . .o0o. . . . . . . .

## MEMORANDUM OPINION

Plaintiff files this self-represented Complaint alleging violation of his constitutional rights and seeking injunctive and declaratory relief and money damages.[1] ECF Nos. 1 and 3. Plaintiff also seeks leave to proceed in forma pauperis. ECF No. 2. Because he appears to be indigent, his Motion shall be granted.

This Court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). The instant case must be dismissed under this standard.

Plaintiff alleges in his complaint that each Defendant has adopted an improper computation of diminution credits and, in so doing, will confine him beyond the date he is entitled to release. Plaintiff's challenge to the award of diminution credits provided to prisoners

---

[1] Plaintiff also seeks to have this lawsuit certified as a class action. ECF No. 1 at 7, ¶ 12. Generally, a self-represented party does not have standing to assert the rights of others. *See Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977).

pursuant to Md. Code Ann., Art. 27, § 700 (Vol. 2, 1996 Repl. Vol.) (diminution of term of confinement of prisoner) does not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62 (1991); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970); *see also McCray v. Rosenblatt*, 27 F.3d 563 (4th Cir. 1994) (*per curiam*) (unpublished). Questions as to whether or not prison officials have properly credited a prisoner with good conduct deductions do not involve federal law.[2] Furthermore, Plaintiff has no inherent Constitutional right, under the Fourteenth Amendment or otherwise, to parole consideration or release on parole.[3] *See Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995); *Paoli v. Lally*, 812 F.2d 1489 (4th Cir.), *cert. denied*, 484 U.S. 864 (1987); *Bryant v. Maryland*, 848 F.2d 494 (4th Cir. 1988).

A separate Order shall be entered reflecting the opinion set forth herein.

August 12, 2011

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[2] A review of computation claims may be made by filing the appropriate state court application, pursuant to Md Rule 15-301, *et seq*.

[3] Despite Plaintiff's argument to the contrary, his penalty for his conviction was not enhanced; thus, he faces no additional punishment (and certainly no punishment in violation of the *Ex Post Facto* Clause).